UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ERICH LACHMANN,

                Plaintiff,

     -against-

CITY OF MIDDLETOWN, New York,
MIDDLETOWN FIRE DEPARTMENT,
SAM BARONE, individually,
KEVIN DUGGAN, individually,
TOM AMODIO, individually, WAYNE
CLARKE, individually, DONALD
BENEDETTO, individually, DAVID
GUATTERY, individually, and MARLINDA
DUNCANSON, individually,

                Defendants.

-----------------------------------------------------------x

**08 CIV. 4777**

**BRIEANT**

**Jury Trial Demanded**

      Plaintiff ERICH LACHMANN, by his attorneys Lovett & Gould, LLP, for his complaint respectfully alleges:

## NATURE OF THE ACTION

      1.    This is an action for compensatory, liquidated and punitive damages, proximately resulting from the conduct of Defendants, for violations of Plaintiff's rights as guaranteed by reason of the Age Discrimination in Employment Act, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983 and the New York State Executive Law Section 296 *et seq.*

## JURISDICTION

2. The Court's jurisdiction is invoked in accordance with 28 U.S.C. §§1331, 1343. With respect to Plaintiff's ADEA retaliation claim, on February 23, 2006, Plaintiff duly filed a Charge of Discrimination (Charge No.: 520-2006-00779) premised on age with the United States EEOC. By notice dated March 30, 2006, the EEOC issued to Plaintiff a Notice of Right to Sue. Thereafter, Plaintiff filed an age discrimination action in this Court, <u>Lachmann v. City of Middletown</u>, 06 Civ. 4842 (CLB)(hereinafter "Lachmann I") which was settled in June 2007. Plaintiff's state law retaliation claim is interposed pursuant to the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff ERICH LACHMANN is a forty-nine year old citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Plaintiff was employed as a paid firefighter/driver by the Middletown Fire Department from August 2007 through January 2008. Prior to his employment, Plaintiff had served as a volunteer firefighter in excess of twenty-nine years, including at Middletown Fire Department and more recently, by the Washington Heights Volunteer Fire Department (hereinafter "Washington Heights") where he continues to serve.

4. Defendant CITY OF MIDDLETOWN, New York (hereinafter "City"), is a municipal corporate subdivision of the State of New York, duly existing by reason of and pursuant to the laws of the said State. Defendant MIDDLETOWN FIRE DEPARTMENT (hereinafter "Department") is an agency of the City.

n. Benedetto advised Plaintiff that many of members disliked Plaintiff so much by reason of his filing of Lachmann I that they called in sick or took personal time because they did not want to train Plaintiff;

o. Clarke told Plaintiff he hated him;

p. Guattery impermissibly interfered with Plaintiff's off-duty interview with an Orange County Social Services employee concerning his (Plaintiff's) wife and his interest in adopting a child;

q. Plaintiff was impermissibly barred from responding to any fires in the City in his volunteer capacity at Washington Heights in circumstances where the City required mutual aid from other fire districts;

r. Plaintiff was ostracized by members of the Department; and

s. Workers' compensation benefits to which Plaintiff was entitled were improperly withheld.

15. In Clarke's capacity as Commissioner at Washington Heights, Clarke also engaged in a course of retaliatory conduct directed at Plaintiff in his capacity as a Volunteer Firefighter and/or Plaintiff's immediate family by reason of Lachmann I. Clarke, *inter alia*,

a. Illegally barred Plaintiff from being promoted to the rank of Lieutenant on multiple occasions despite the fact that the department membership voted to promote Plaintiff;

b. Denied Plaintiff's mother a line of duty benefit upon the death of Plaintiff's father who had suffered a stroke less than twenty-four hours after responding to a fire -- a circumstance that entitled a surviving spouse to receive such a benefit; and

c. Impermissibly disclosed to other members of Washington Heights the amount of Plaintiff's settlement in Lachmann I.

16. As a proximate result of Lachmann I, Barone with the concurrence of his co-Defendants advised Plaintiff in January 2008 of his termination of employment on the pretext that his performance during his probationary period was unsatisfactory.

17. When Plaintiff requested an explanation as what was unsatisfactory with respect to his performance, Barone refused to answer. Furthermore, when Plaintiff requested to review his personnel file pursuant to the Department's collective bargaining agreement, Barone refused to show it to him.

18. Since his termination, Plaintiff has been advised that Defendants are *ex post facto* fabricating disciplinary incidents, negative performance reviews and/or comments to place in his personnel file.

19. Due to Defendants' intense hatred of Plaintiff and in retaliation for Plaintiff having filed Lachmann I, Plaintiff was treated differently from other members of the Department who were similarly situated. In that regard, *inter alia*

a. Probationary members of the Department negligently destroyed fire apparatus with impunity, resulting in thousands of dollars in costs;

b. Members of the Department maintained a collection of pornographic photographs of naked women wearing fire helmets in the Control Room at Central Firehouse where female volunteer firefighters could see it;

c. A Lieutenant, while on duty, drove a fire truck to his residence and directed Plaintiff to wait in that vehicle while he repaired a boiler at his home -- during which time a fire emergency was called in and the Department's response was delayed;

d. Another firefighter directed Plaintiff remain inside another fire truck for more than one-half hour on duty while he went to purchase personal items; and

e. Firefighters recklessly caused damage to fire apparatus on multiple occasions with impunity costing taxpayers thousands of dollars.

20. Under the circumstances Defendants' conduct has caused Plaintiff to suffer: significant monetary damages; loss of fringe, medical and retirement benefits; a hostile work environment and/or adverse action by reason of his having filed an EEOC age discrimination complaint and later Lachmann I; public shame; public embarrassment; anxiety; emotional upset; public degradation; and he has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM
## AGAINST THE CITY AND DEPARTMENT

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "20" inclusive.

22. Under the premises Defendants' conduct violated Plaintiff's right to be free from retaliation as guaranteed by reason of the Age Discrimination in Employment Act.

## AS AND FOR A SECOND CLAIM
## AGAINST ALL DEFENDANTS

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs. "1" to "20", inclusive.

9

24. Under the premises Defendants violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983 since: (1) they intended to retaliate against Plaintiff because he exercised his constitutional rights; (2) they were motivated by a malicious or bad faith intent to injure Plaintiff; and (3) there is no rational basis for the difference in the treatment of Plaintiff.

### AS AND FOR A THIRD CLAIM
### AGAINST ALL DEFENDANTS

25. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "20", inclusive.

26. Under the premises the conduct of the City and Department as employers, and the conduct of the individually named Defendants as aiders and abettors, violated Plaintiff's rights as guaranteed him by reason of the New York State Human Rights Law, Section 296 *et. seq.* of the New York State Executive Law.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against the City and Department on the First Claim such compensatory damages as the jury may determine, along with an award of liquidated damages to be fixed by the Court,

    b. Awarding against all Defendants on the Second and Third Claims such compensatory damages as the jury may determine,

    c. Awarding on the First and Second Claims costs and reasonable attorney's fees,

    d. Awarding against each individual Defendant on the Second Claim such punitive damages as the jury may impose, and

    e. Granting such other and further relief as to the Court may deem just and proper.

Dated: White Plains, N.Y.
       May 22, 2008

LOVETT & GOULD, LLP
By: *Drita Nicaj*
Drita Nicaj (DN 0966)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401