UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ERICH LACHMANN,

                        Plaintiff,                    ANSWER

   -against-                                          08 CIV. 4777

CITY OF MIDDLETOWN, NEW YORK,
MIDDLETOWN FIRE DEPARTMENT,
SAM BARONE, Individually, KEVIN DUGGAN,
Individually, TOM AMODIO, Individually, WAYNE
CLARKE, Individually, DONALD BENEDETTO,
Individually, DAVID GUATTERY, Individually
And MARLINDA DUNCANSON, Individually,

                        Defendants.
------------------------------------------------------------X

      The Defendants, CITY OF MIDDLETOWN, NEW YORK, MIDDLETOWN FIRE DEPARTMENT, SAM BARONE, Individually, KEVIN DUGGAN, Individually, TOM AMODIO, Individually, WAYNE CLARKE, Individually, DONALD BENEDETTO, Individually, DAVID GUATTERY, Individually And MARLINDA DUNCANSON, Individually, by their attorneys, HODGES, WALSH & SLATER, LLP, as and for their Answer, upon information and belief, state the following:

      FIRST:    Deny the allegations contained in paragraphs "1", "13", "14", "15", "16", "17", "18", "19", "20", "22", "24", and "26" of the Plaintiff's Complaint.

      SECOND:    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2", and "3" of the Plaintiff's Complaint.

THIRD: Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Plaintiff's Complaint but admit that Sam Barone, Kevin Duggan and Tom Amodio held the rank of "Chief" in the Department.

FOURTH: Deny the allegations contained in paragraph "6" of the Plaintiff's Complaint but admit that Wayne Clarke held the rank of Lieutenant.

FIFTH: Deny the allegations contained in paragraph "7" of the Plaintiff's Complaint but admit that Donald Benedetto held the rank of Lieutenant.

SIXTH: Deny the allegations contained in paragraph "8" of the Plaintiff's Complaint but admit that David Guattery held the rank of Lieutenant.

SEVENTH: Deny the allegations contained in paragraph "9" of the Plaintiff's Complaint but admit that Marlinda Duncanson served as Mayor of the City.

EIGHTH: Defendants, repeat and reallege each and every denial set forth in paragraphs "21", "23" and "25" of plaintiff's Complaint with the same force and effect as if fully set forth at length herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINTH: All claims asserted by plaintiffs under the laws of the State of New York are barred by plaintiff's failure to file a Notice of Claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TENTH: All claims asserting age discrimination and retaliation are barred as plaintiff has not been issued a right to sue letter by the EEOC.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ELEVENTH: Plaintiff's claims for damages pursuant to Section 296 of the New York Human Rights Law are barred as against the municipal defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWELFTH:   Actions of the individual co-defendants as claimed in plaintiff's Complaint were not pursuant to municipal policy or custom.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTEENTH:   The plaintiff's claims do not rise to the level of a constitutional violation as against the municipal defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH:   The plaintiff failed to mitigate damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH: The plaintiff failed to exhaust all administrative remedies.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

SIXTEENTH: The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTEENTH:   The Defendants acted in good faith and without malice.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

EIGHTEENTH:   The plaintiff's damages, if any, were caused and/or contributed to by reason of the conduct of the plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

NINETEENTH:   Actions of defendants towards plaintiff were based on legitimate, non-discriminatory and non retaliatory reasons.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTIETH:   The defendants are entitled to qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:   The defendants are entitled to absolute immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:   The defendants' conduct was based upon valid existing code provisions.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:   Defendants actions were not motivated by protected speech or activity of the plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:   Plaintiff was not selectively treated by the named defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   The actions of defendants were not based upon impermissible consideration.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:   The attorney for the plaintiff is a necessary witness and must be recused as counsel herein.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   Plaintiff and his attorney are in violation of confidentially provisions of a Settlement Agreement executed by them and approved by this Court.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: Plaintiff suffered no chilling affect on any protected conduct, activity or speech.

DATED:   White Plains, New York
         June 18, 2008

                                    Yours, etc.

                                    HODGES, WALSH & SLATER, LLP
                                    By: _____
                                        JOHN J. WALSH (4092)
                                    Attorneys for Defendants
                                    55 Church St. – Suite 211
                                    White Plains, N.Y. 10601
                                    (914) 385-6000

TO:   LOVETT & GOULD LLP
      Attorneys for Plaintiff
      222 Bloomingdale Rd.
      White Plains, N.Y. 10605
      (914) 385-6000

STATE OF NEW YORK         )
                          SS.:)
COUNTY OF WESTCHESTER     )

    COLLEEN BOYLAN QUAGLIANO being duly sworn, deposes and says:

I am employed by the law firm of HODGES, WALSH & SLATER, LLP, counsel for Defendant in the above action and I am over the age of 18 years and I am not a party to this action. On June 19, 2008 I served a true copy of the annexed Answer in the following manner: by mailing same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of all attorneys in this action as indicated below:

TO:   LOVETT & GOULD LLP
       Attorneys for Plaintiff
       222 Bloomingdale Rd.
       White Plains, N.Y.  10605
       (914) 385-6000

                                                        _____
                                                        COLLEEN BOYLAN QUAGLIANO

Sworn to before me this
19th Day of June, 2008

_____
Notary Public

LAURA J. HEANEY MALFETANO
NOTARY PUBLIC, State of New York
No. 01HE6084655
Qualified in Westchester County
Commission Expires 12/9/10