UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ERICH LACHMANN,

                        Plaintiff,

    -against-

CITY OF MIDDLETOWN, NEW YORK,
MIDDLETOWN FIRE DEPARTMENT,
SAM BARONE, Individually, KEVIN DUGGAN,
Individually, TOM AMODIO, Individually, WAYNE
CLARKE, Individually, DONALD BENEDETTO,
Individually, DAVID GUATTERY, Individually
And MARLINDA DUNCANSON, Individually,

                        Defendants.
------------------------------------------------------------------X

08 CIV. 4777

**ANSWER TO FIRST AMENDED COMPLAINT**

        The Defendants, CITY OF MIDDLETOWN, NEW YORK, MIDDLETOWN FIRE DEPARTMENT, SAM BARONE, Individually, KEVIN DUGGAN, Individually, TOM AMODIO, Individually, WAYNE CLARKE, Individually, DONALD BENEDETTO, Individually, DAVID GUATTERY, Individually And MARLINDA DUNCANSON, Individually, by their attorneys, HODGES, WALSH & SLATER, LLP, as and for their Answer, upon information and belief, state the following:

### NATURE OF ACTION

    FIRST:    Denies each and every allegation contained in paragraphs "1" of the Plaintiff's First Amended Complaint.

## JURISDICTION

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "2" of the Plaintiff's First Amended Complaint.

## THE PARTIES

THIRD: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "3" of the Plaintiff's First Amended Complaint.

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "5" of the Plaintiff's First Amended Complaint but admits that SAM BARONE, KEVIN DUGGAN and TOM OMODIO held the rank of "Chief" in the Department.

FIFTH: Denies each and every allegation contained in paragraphs "6" of the Plaintiff's First Amended Complaint but admits that WAYNE CLARKE held the rank of lieutenant.

SIXTH: Denies each and every allegation contained in paragraphs "7" of the Plaintiff's First Amended Complaint but admits that DONALD BENEDETTO held the rank of Lieutenant.

SEVENTH: Denies each and every allegation contained in paragraphs "8" of the Plaintiff's First Amended Complaint but admits that DAVID GUATTERY held the rank of Lieutenant.

EIGHTH: Denies each and every allegation contained in paragraphs "9" of the Plaintiff's First Amended Complaint but admits that MARLINDA DUNCANSON served as Mayor of the City.

## THE FACTS

NINTH:  Denies each and every allegation contained in paragraphs "11", "13", "14", "15", "16", "17", "18", "19" and "20" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED FIRST CLAIM
### AGAINST THE CITY AND DEPARTMENT

TENTH:  Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

ELEVENTH:  Denies each and every allegation contained in paragraphs "22" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED SECOND CLAIM
### AGAINST ALL DEFENDANTS

TWELFTH:  Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

THIRTEENTH:  Denies each and every allegation contained in paragraphs "24" of the Plaintiff's First Amended Complaint.

### ANSWERING THE ALLEGED THIRD CLAIM
### AGAINST ALL DEFENDANTS

FOURTEENTH:  Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "20" of plaintiff's First Amended Complaint with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Denies each and every allegation contained in paragraphs "26" of the Plaintiff's First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTEENTH: All claims asserted by plaintiffs under the laws of the State of New York are barred by plaintiff's failure to file a Notice of Claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTEENTH: All claims asserting age discrimination and retaliation are barred if plaintiff has not been issued a right to sue letter by the EEOC.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTEENTH: Plaintiff's claims for damages pursuant to Section 296 of the New York Human Rights Law are barred as against the municipal defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

NINETEENTH: Actions of the individual co-defendants as claimed in plaintiff's Complaint were not pursuant to municipal policy or custom.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTIETH: The plaintiff's claims do not rise to the level of a constitutional violation as against the municipal defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: The plaintiff failed to mitigate damages.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: The plaintiff failed to exhaust all administrative remedies.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: The plaintiff's claim for punitive damages is barred by public policy and the laws of the State of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  The Defendants acted in good faith and without malice.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:    The plaintiff's damages, if any, were caused and/or contributed to by reason of the conduct of the plaintiff.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    Actions of defendants towards plaintiff were based on legitimate, non-discriminatory and non retaliatory reasons.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:    The defendants are entitled to qualified immunity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: The defendants are entitled to absolute immunity.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:    The defendants' conduct was based upon valid existing code provisions.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

THIRTIETH: Defendants actions were not motivated by protected speech or activity of the plaintiff.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:    Plaintiff was not selectively treated by the named defendants.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND: The actions of defendants were not based upon impermissible consideration.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-THIRD: The attorney for the plaintiff is a necessary witness and must be recused as counsel herein.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: Plaintiff and his attorney are in violation of confidentially provisions of a Settlement Agreement executed by them and approved by this Court.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

THIRTY-FIFTH: Plaintiff suffered no chilling affect on any protected conduct, activity or speech.

DATED:   White Plains, New York
         August 28, 2008

Yours, etc.

HODGES, WALSH & SLATER, LLP
By: _____
JOHN J. WALSH (4092)
Attorneys for Defendants
55 Church St. – Suite 211
White Plains, N.Y.  10601
(914) 385-6000

TO:   LOVETT & GOULD LLP
      Attorneys for Plaintiff
      222 Bloomingdale Rd.
      White Plains, N.Y.  10605
      (914) 385-6000